## THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| SEAN GLAZE, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| v. | ) | Case No.: 6:20-cv-125 |
| | ) | |
| AARGON AGENCY, INC. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Sean Glaze, by and through the undersigned counsel, and for his Complaint against Defendant, Aargon Agency, Inc. under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION

1.  This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.  Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## STANDING

3.  Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4.  Defendant's collection activities violated the FDCPA.

5.  Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive

rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

6.     "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

7.     "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

8.     Plaintiff Sean Glaze (hereafter "Plaintiff"), is a natural person currently residing in Texas.

9.     Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

10.     Defendant, Aargon Agency, Inc., (hereafter "Defendant") is a Nevada company with its address located at 8668 Spring Mountain Road, Las Vegas, Nevada 89117.

11.     Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

12.     Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

13.    Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

14.    On or about March 14, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

15.    The alleged debt was said to be originally owed to Southwestern Electric and Power and would have only been used for residential purposes.

16.    The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17.    The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

18.    During the telephone call Plaintiff stated that he wanted to dispute the debt.

19.    Defendant's representative immediately began to overshadow Plaintiff's rights to dispute the alleged debt.

20.    Defendant's representative attempted to confuscate the dispute process and tried to stymie Plaintiff's attempts to exercise his rights under the FDCPA.

21.    Defendant's representative stated that Plaintiff needed to submit a "detailed disputed letter" as to why he believed he did not owe the debt.

22.    It is well settled that § 1692 does not impose a writing requirement on a consumer. See, Register v. Reiner, Reiner & Bendett, P.C., 488 F.Supp.2d 143 (D.Conn. 2007), Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, 464 F.Supp.2d 720 (N.D. Ohio 2006), Baez v. Wagner & Hunt, P.A., 442 F.Supp.2d 1273 (S.D.Fla. 2006), Turner v. Shenandoah Legal Group, P.C., No. 3:06CV045, 2006 WL 1685698 (E.D. Va. 2006), Vega v. Credit Bureau Enters., No. CIVA02CV1550, 2005 WL 711657 (E.D.N.Y. Mar. 29, 2005), Nasca v. GC Servs. Ltd. P'ship, No 01CIV10127, 2002 WL 31040647 (S.D.N.Y. Sept. 12, 2002), In re Risk Mgmt. Alternatives, Inc., Fair Debt Collection

Practices Act Litig., 208 F.R.D. 493 (S.D.N.Y. June 14, 2002), Sambor v. Omnia Credit Servs., Inc.,
183 F.Supp.2d 1234 (D.Haw. 2002), Sanchez v. Robert E. Weiss, Inc., 173 F.Supp.2d 1029 (N.D. Cal.
2001), Castro v. ARS Nat'l Servs., Inc., No. 99 CIV. 4596, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000),
Ong v. Am. Collections Enter., No. 98-CV-5117, 1999 WL 51816 (E.D.N.Y. Jan. 15, 1999), Reed v.
Smith, Smith & Smith, No. Civ. A. 93-956, 1995 WL 907764 (M.D.La. Feb. 8, 1995), Harvey v. United
Adjusters, 509 F.Supp.1218 (D.Or. 1981), Semper v. JBC Legal Group, 2005 WL 2172377 (W.D.
Wash. Sept. 6, 2005). (Collector's must communicate that a debt is disputed. Matter of Sommersdorf.,
139 B.R. 700, 701 (Bankr. S.D. Ohio 1991); Ditty v. CheckRite, Ltd., 973 F.Supp. 1320, 1331 D.Utah
1997). (A consumer is entitled to dispute a debt orally and need not seek validation to overcome the
debt collector's assumption of validity.), See, Rosado v. Taylor., 324 F. Supp. 2d 917 (N.D. Ind. 2004).
(The collection attorney violated § 1692g(a)(3) by requiring that disputes be in writing to prevent the
collector from considering the debt valid. The court noted that oral disputes overcome the assumption
of validity and impose a requirement under § 1692e(8) that the debt collector report the dispute if
reporting the debt to third parties. Sambor v. Omnia Credit Servs., 183 F. Supp. 2d 1234 (D. Haw.
2002), Mendez v. M.R.S. Assoc., 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004).

23.     Further, Plaintiff is not required to have any reason for a dispute and may dispute the
debt for a good reason, a bad reason, or for no reason at all. See Dixon v. RJM Acquisitions, L.L.C.,
640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the
consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported
the debt without disclosing the disputed. The consumer created a genuine fact issue given that she
said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could
treat the statement as a dispute of the alleged $102.99 debt.)

24.     Defendant at no point stated that she would mark Plaintiff's account as disputed.

25.    Defendant's representative should have acknowledged and marked Plaintiff's account as disputed, then ceased all collection activities until proper verification could be obtained.

26.    These statements made by Defendant's representative are flat out false and misleading and contradict the statutory language of the FDCPA.

27.    Defendant's statements were deceptive and made in an attempt to prevent Plaintiff from disputing the account.

28.    Defendant knew, or should have known, that all of the above statements were false, misleading, and harassing in nature.

29.    All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

30.    Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

31.    Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

32.    Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

33.    Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendant.

34.    Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

35.    Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any

potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, <u>Goswami</u>, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

### COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt

33.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

34.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

35.     Defendant's collection activities violate 15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken.

36.     Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

37.     Defendant's collection efforts only serve to confuse and mislead the consumer.

38.     Defendant's collection efforts were materially false, misleading, and deceptive.

39.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sean Glaze prays that this Court:

A.     Declare that Defendant's debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff Sean Glaze, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.    Grant other such further relief as deemed just and proper.

### COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse

40.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

41.    Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

42.    Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

43.    Defendant's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sean Glaze prays that this Court:

A.    Declare that Defendant's debt collection actions violate the FDCPA;

B.    Enter judgment in favor of Plaintiff Sean Glaze, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.    Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA – Unfair Practices

44.    Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

45.    Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

46.    Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

47.    Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Sean Glaze prays that this Court:

D.    Declare that Defendant's debt collection actions violate the FDCPA;

E.    Enter judgment in favor of Plaintiff Sean Glaze, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

F.    Grant other such further relief as deemed just and proper.

## JURY DEMAND

47.    Plaintiff demands a trial by jury on all Counts so triable.

Dated: March 13, 2020

Respectfully Submitted,

**HALVORSEN KLOTE**

By:    /s/ Samantha J. Orlowski

Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com
*Attorneys for Plaintiff*